Joseph F. Rizzo, Esquire
Attorney ID: 65137
640 Shadeland Ave
Drexel Hill, PA  19026
(610) 203-1656                                                      *Attorney for Plaintiff*

In the United States District Court - Eastern District of Pennsylvania

| | | |
|---|---|---|
| Elaine Mickman | : | |
| 1619 Gerson Dr. | : | |
| Narberth, PA 19072 | : | |
| v. | : | |
| Salaman, Grayson and Henry | : | DEMAND OF JURY TRIAL |
| 100 S. Broad St. | : | |
| Land Title Bldg., Suite 650 | : | 17 cv 2452 |
| Phila. Pa. 19110 | : | |
| And | : | |
| Clifford B. Cohn, Esquire, | : | |
| 926 Public Ledger Bldg. | : | |
| 620 Chestnut St. | : | |
| Philadelphia, PA 19106 | : | FILED |
| And | : | |
| Drew Salaman, Esquire, individually | : | SEP 2 1 2017 |
| 100 S. Broad St. | : | KATE BARKMAN, Clerk |
| Land Title Bldg., Suite 650 | : | By_____Dep. Clerk |
| Philadelphia, Pa. 19110 | : | |

## Amended Complaint

### I.  Statement of Venue

Plaintiff is a natural born citizen of the United States and a resident of

Montgomery County, Pennsylvania.

### II.  Statement of Jurisdiction

Plaintiff invokes the jurisdiction of the Federal Court pursuant to:

### 42 U.S.C. § 1983 - Violation Of Constitutional Right To Due Process

1

**42 U.S.C. § 1985 - Conspiracy To Violate Constitutional Right To Due Process**

### III.    Statement of Facts

1.  Elaine Mickman ("hereinafter, "Elaine") is an adult individual who resides at 1619 Gerson Dr., Narberth, PA 19072.

2.  Salaman, Grayson and Henry, PC (hereinafter "SGH") is a law firm that specializes in debt collections and is located at 100 S. Broad St., Land Title Building, Suite 650, Philadelphia, Pa. 19110.

3.  Clifford B. Cohn, Esquire (hereinafter "Cohn"), is an adult individual who is licensed to practice law in the Commonwealth of Pennsylvania.

4.  Drew Salaman, Esquire, individually, is an adult individual who is a partner in Salaman Grayson Henry.  He is licensed to practice law in the Commonwealth of Pennsylvania.

5.  Drew Salaman's sole practice is collections of debt.  In fact, it can be said that Salaman is an expert in collections.[1]

---

[1] From the firm's website,

Drew is one of the preeminent attorneys in the area of enforcement of judgments and he literally "wrote the book" in this area. He has over 35 years experience [sic] and for the past 30 years has been a speaker and course planner for the Pennsylvania Bar Institute for the enforcement and collection of judgments. With his extensive experience and background [sic] he has seen and handled a wide-range of situations dealing with the enforcement of judgments.

Drew authored **"Execution Practice: Enforcement of Money Judgments from Law Books to Street Justice"**, and **"A Summary of Exemptions from Execution"**, both published by the Pennsylvania Bar Institute and has been a Lecturer at the Pennsylvania Bar Institute, the Philadelphia Bar Association, Temple University School of Law, the Pennsylvania Credit Union League, the National Association of Credit Management-Credit Congress, the Lumberman's Exchange, the

6. Cohn filed suit against Elaine in September 2006 for an alleged bill regarding the representation of Elaine through Grayson Goldin.

7. The case went to Arbitration in 2009, and Cohn was awarded $12,500.

8. A court trial occurred March 2011 in which Cohn was awarded approximately $79,000 (including interest).

9. Elaine filed nullification and was denied. Her defense attorney filed an appeal and subsequently filed to withdraw, on the week her appeal brief was due.

10. Elaine's divorce attorney entered an appearance, obtained an extension of time, and filed an appeal brief.

11. Elaine's appeal was denied in October of 2012.

12. Cohn executed a Sheriff's Sale on December 11, 2012.

13. No bidders attended the Sheriff's Sale.

14. Cohn directed the Sheriff's Department to remove all contents/property from Elaine's house without consideration of a sale.

---

National Business Institute, Lorman Education Centers, the National Business Institute and before the Board of Judges of the Philadelphia Municipal Court.

To date, **Drew has enforced in excess of $100 million** in judgments. Amongst the many assets and entities which Drew has garnished or executed upon are taxicab medallions, health insurance carrier billings, common stock, liquor licenses, the Federal Reserve Bank, unions, gasoline reserves, the Pennsylvania Liquor Control Board, the Philadelphia Housing Authority, Fortune 500 companies, American Express, interests due from trusts and decedents' estates, millions of dollars of real estate of lawyers and law firms, insurance companies, heavy construction equipment, and every conceivable type of retail inventory. He has executed upon funeral homes, houses of worship and charter schools. **(Emphasis added)**

15. The Sheriff's Department hauled away approximately 4 or 5 truckloads of personal property/contents from Elaine's 4,000 square-foot home.

16. The Sheriff's Department removed many items that were never inventoried, as well as items that are illegal to take such as food, mattresses, and shoes.

17. The Sheriff's Department took everything in the home except what they broke, including mattresses, which have no value because it is illegal to sell them.

18. Extensive damage was caused to Elaine's home, and many personal items were broken.

19. About a year and a half later, Elaine learned that the contents were delivered to a Storage Center with two hundred (200) square feet.

20. Cohn failed to pay for the Storage Unit.

21. The Storage Center auctioned off Elaine's property.

22. As a result, Elaine lost more than six hundred thousand dollars ($600,000) in furniture and received no reduction to her judgment debt.

23. Cohn then served Garnishments to Elaine's child-support checking accounts.

24. Cohn filed those documents with redacting Elaine's social security number.

25. Multiple requests to redact the social security number were ignored.  The numbers are still public record.

26. Cohn subsequently hired Drew Salaman, from the Salaman Grayson Law Firm, to further collect on the judgment.

27. Elaine filed for Declaratory Judgment and a Petition to Mark the Judgment Satisfied because her property exceeded the value of the Judgment.

28. The Judge denied the petition as premature until Cohn filed a Writ for a Sheriff Sale, based *Oserlund v Oserlund*, 26 Pa. D. & C. 4th 275 (1994).

29. Cohn filed to Revive the Lien in November of 2014.

30. Elaine filed an Objection to the Lien Revival and sought a hearing.

31. No hearing was scheduled, and no order was entered.

32. Elaine's cause of action against Cohn and Salaman did not toll until either Cohn acted to take more property or the Court ruled on her motion to mark the lien as satisfied.

33. Cohn retained Salaman Grayson Henry to collect the debt.

34. Salaman filed with the Prothonotary and Sheriff's Department on January 6, 2017, without serving Elaine.

35. On February 14, 2017, the Sheriff's Department stapled a letter to the front door of Elaine's house stating it was listed for Sheriff's Sale on March 29, 2016.[2]

36. This was the first notice Elaine had received that her house would be sold at a Sheriff's Sale.

---

[2] The lien was from March 2011 and would expire in March 2016. On information and belief, Salaman had the Sheriff's Department post the notice with the wrong date in a calculated effort to bypass the need for a court order.

37. Pennsylvania, pursuant Pa. R.C.P. 3101(a)(2), requires that 1) the creditor obtain a writ of revival and 2) the Court reduce the Writ to a judgment before a judgment five years old or greater can be used to sell property at a Sheriff's Sale.

38. Salaman and Cohn sought to sell Elaine's house without the necessary court order, as required when a lien is more than five (5) years old.

39. The University of Pennsylvania Law Clinic entered into a limited representation for Elaine regarding the hearing for the Sheriff's Sale.

40. Salaman was required to file an Affidavit of Service that all creditors were notified by him of the Sheriff's Sale.

41. Salaman sent the Affidavit of Service (See Affidavit attached and marked as "Exhibit A" to Universirty of Pennsylvania Law Clinic without the Certificate of Service.

42. The Affidavit of Service is not recorded in Montgomery County.

43. The Affidavit of Service lists the creditors with liens on the property.

44. The Affidavit of Service multiple priority liens in front of Cohn such as

    a. IRS
    b. US Attorney Office
    c. mortgage company
    d. Dept. of Welfare and PA Bureau for Child Support Enforcement
    e. other tax authorities (township, state)
    f. another lien holder approx.

45. On information and belief the liens total more than three million ($3,000,000) dollars.

46. Cohn will receive nothing from the sheriff's sale.

47. The University of Pennsylvania Law Clinic discovered that Salaman had not followed the proper procedure by not notifying all the creditors and filing the Writ on an expired lien.

48. The University of Pennsylvania notified Salaman that by failing to notify all creditors he was fraudulently attempting to sell Elaine's house.

49. Salaman – with over twenty years of collection practice and having "written the book" on collections and collecting over one hundred million dollars – knew that he was acting in an unlawful and improper manner.

50. The day before the scheduled Sheriff's Sale, Salaman requested that Elaine agree to a ninety-day continuance so he could have a hearing to raise the judgment dispute.

51. A court order was entered for a ninety (90) day Stay of the Sheriff's Sale, without discovery, pending the outcome of the hearing.

52. Mickman's house is now listed for sheriff's sale in October 2017.

53. The Defendants' misconduct has harmed the Plaintiff in a variety of ways, causing mental anguish, physical manifestations of the stress including but not limited to diabetes, heart disease, spinal stenosis, and other ailments.

54. Moreover, the Defendants were acting in concert with government officials and under color of state law, depriving Plaintiff of property without due process of law in violation of the Fourteenth Amendment of the United States Constitution.

## Count I
## Violation Of Constitutional Right To Due Process
## 42 U.S.C. § 1983

55. Plaintiff incorporates all preceding paragraphs and re-alleges them as if they have been fully set forth below.

56. Plaintiff had a right guaranteed by the United States Constitution not to be deprived of her property without due process of law.

57. Defendants acted intentionally and with disregard for Plaintiff's constitutional rights. Although Defendants are not government employees, they acted in concert with governmental authorities and therefore were acting under color of state law.

58. As a result of the Defendants' violations of Plaintiff's constitutional rights, Plaintiff has suffered harm.

**Wherefore** the Plaintiff, Elaine Mickman, demands judgment in her favor and against Defendants Salaman Greyson and Henry, Drew Salaman, and Clifford Cohn and demands compensatory damages in an amount in excess of $75,000 as well as punitive damages, attorney's fees and costs, and such other relief as is deemed just by this Court.

## Count II
### Conspiracy To Violate Constitutional Right To Due Process
### 42 U.S.C. § 1985

59. Plaintiff incorporates all preceding paragraphs and re-alleges them as if they have been fully set forth below.

60. Plaintiff had a right guaranteed by the United States Constitution not to be deprived of her property without due process of law.

61. Defendants conspired with each other and with government officials to deprive Plaintiff of her constitutional rights under color of state law.

62. As a result of the Defendants' violations of Plaintiff's constitutional rights, Plaintiff has suffered harm.

**Wherefore** the Plaintiff, Elaine Mickman, demands judgment in her favor and against Defendants Salaman Greyson and Henry, Drew Salaman, and Clifford Cohn and demands compensatory damages in an amount in excess of $75,000 as well as punitive damages, attorney's fees and costs, and such other relief as is deemed just by this Court.

### Count III
### Abuse of Process

63. Plaintiff incorporates all preceding paragraphs and re-alleges them as if they have been fully set forth below.

64. The Defendants commenced process against Plaintiff for an improper, unlawful purpose other than what the process was designed to achieve.

9

65. The Defendants' abuse of process has harmed the Plaintiff.

**Wherefore** the Plaintiff, Elaine Mickman, demands judgment in her favor and against Defendants Salaman Greyson and Henry, Drew Salaman, and Clifford Cohn and demands compensatory damages in an amount in excess of $75,000 as well as punitive damages, attorney's fees and costs, and such other relief as is deemed just by this Court.

### Count IV
### Conspiracy

66. Plaintiff incorporates all preceding paragraphs and re-alleges them as if they have been fully set forth below.

67. The Defendants combined or agreed with intent to do an unlawful act, or to do an otherwise lawful act by unlawful means, specifically to deprive Elaine of her lawful property.

68. The Defendants acted without just cause or excuse.

69. The Defendants' misconduct has harmed the Plaintiff.

**Wherefore** the Plaintiff, Elaine Mickman, demands judgment in her favor and against Defendants Salaman Greyson and Henry, Drew Salaman, and Clifford Cohn and demands compensatory damages in an amount in excess of $75,000 as well as punitive damages, attorney's fees and costs, and such other relief as is deemed just by this Court.

10

## Count V

### Violation of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692 et seq.

70. Plaintiff incorporates all preceding paragraphs and re-alleges them as if they have been fully set forth below.

71. The Defendants engaged in conduct whose natural consequence was to harass, oppress, or abuse the Plaintiff with regard to the collection of a debt.

72. The Defendants' misconduct has harmed the Plaintiff.

**Wherefore** the Plaintiff, Elaine Mickman, demands judgment in her favor and against Defendants Salaman Greyson and Henry, Drew Salaman, and Clifford Cohn and demands compensatory damages in an amount in excess of $75,000 as well as punitive damages, attorney's fees and costs, and such other relief as is deemed just by this Court.

### Count VI
### Violation of the Fair Credit Extension Uniformity Act
### 73 P.S. §§ 2270.1 et seq.

73. Plaintiff incorporates all preceding paragraphs and re-alleges them as if they have been fully set forth below.

74. The Defendants engaged in conduct whose natural consequence was to harass, oppress, or abuse the Plaintiff with regard to the collection of a debt.

75. The Defendants' misconduct has harmed the Plaintiff.

**Wherefore** the Plaintiff, Elaine Mickman, demands judgment in her favor and against Defendants Salaman Greyson and Henry, Drew Salaman, and Clifford Cohn and demands compensatory damages in an amount in excess of $75,000 as well as punitive damages, attorney's fees and costs, and such other relief as is deemed just by this Court.

### Count VII
### Intentional Infliction of Emotional Distress

76. Plaintiff incorporates all preceding paragraphs and re-alleges them as if they have been fully set forth below.

77. The Defendants engaged in extreme and outrageous conduct.

78. The Defendants, by their extreme and outrageous conduct, intentionally or recklessly caused severe emotional distress to the Plaintiff.

79. The Plaintiff has suffered severe mental and emotional anguish from the Defendants' actions.

**Wherefore** the Plaintiff, Elaine Mickman, demands judgment in her favor and against Defendants Salaman Greyson and Henry, Drew Salaman, and Clifford Cohn and demands compensatory damages in an amount in excess of $75,000 as well as punitive damages, attorney's fees and costs, and such other relief as is deemed just by this Court.

## Count VIII
## Negligence

80. Plaintiff incorporates all preceding paragraphs and re-alleges them as if they have been fully set forth below.

81. The Defendants had a duty to act with ordinary and reasonable care when pursuing whatever relief they believed they had against the Plaintiff.

82. The Defendants breached their duty to act with ordinary and reasonable care.

83. The Defendants' breach of duty harmed the Plaintiff.

**Wherefore** the Plaintiff Elaine Mickman demands judgment in her favor and against Defendants Salaman Greyson and Henry, Drew Salaman, and Clifford Cohn and demands compensatory damages in an amount in excess of $75,000 as well as punitive damages, attorney's fees and costs, and such other relief as is deemed just by this Court.


## Count IX
## Punitive Damages

84. Plaintiff incorporates all preceding paragraphs and re-alleges them as if they have been fully set forth below.

85. The Defendants' actions were wanton and reckless and with complete disregard to the law or the rights of Elaine.

86. The Defendants' actions harmed the Plaintiff.

**Wherefore** the Plaintiff Elaine Mickman demands judgment in her favor and against Defendants Salaman Greyson and Henry, Drew Salaman, and Clifford Cohn and demands punitive damages, attorney's fees and costs, and such other relief as is deemed just by this Court.

Respectfully Submitted,

Joseph F. Rizzo, Esquire
Attorney ID: 65137
640 Shadeland Ave.
Drexel Hill, PA  19026
(610) 203-1656

14

# EXHIBIT A

Salaman/Henry, P.C.
BY:  Drew Salaman, Esquire                          Attorney for Plaintiff
ID NO.  15172
100 South Broad Street, Suite 650
Philadelphia, PA  19110
Phone:  215-568-1500
Fax:  215-557-6353

---

## IN THE COURT OF COMMON PLEAS
## MONTGOMERY COUNTY, PENNSYLVANINA

CLIFFORD B. COHN                          :
                                          :
        vs.                               :
                                          : NO.  2006-23730
ELAINE MICKMAN                            :

## **VERIFICATION PURSUANT TO RULE 3129.1**

  Drew Salaman, Esquire, Attorney for Plaintiff in the above action, sets forth that as of the date the praecipe for writ of execution was filed the following information concerning the real property located at 1619 Gerson Drive, Narberth, PA  19072 is true and correct. Also, see legal description attached.

1. Name and address of owner[s] or reputed owner[s]:

NAME            ADDRESS
Elaine Mickman         1619 Gerson Drive
               Narberth, PA  19072

2. Name and address of defendant[s] in the judgment:

NAME            ADDRESS
Elaine Mickman         1619 Gerson Drive
               Narberth, PA  19072

3. Name and address of every judgment creditor whose judgment is a record lien on the real property to be sold:

NAME            ADDRESS
Clifford B. Cohn         620 Chestnut Street, Suite 926
               Philadelphia, PA  19106

| | |
|---|---|
| CBIZ MHM, LLC | 491 Plymouth Road, #200<br>Plymouth Meeting, PA 19462 |
| CBIZ MHM, LLC c/o Peter E. Meltzer, Esquire | Weber, Gallagher, Simpson,<br>Stapleton, Fires & Newby, L.L.P.<br>2000 Market Street, Suite 1300<br>Philadelphia, PA 19103 |
| Astor Weiss Kaplan & Mandel, LLP<br>Attn: David I. Grunfeld | 200 South Broad Street, Suite 600<br>Philadelphia, PA 19112 |
| Internal Revenue Service c/o United States of America | 615 Chestnut Street, Suite 1250<br>Philadelphia, PA 19106 |
| United States Attorney for the Eastern District of<br>Pennsylvania | 615 Chestnut Street, Suite 1250<br>Philadelphia, PA 19106 |
| Commonwealth of PA Dept. of Revenue | Dept. 280948<br>Harrisburg, PA 17128 |

4.      Name and address of the last recorded holder of every mortgage of record:

| NAME | ADDRESS |
|---|---|
| Ocwen Loan Servicing, LLC | 1661 Worthington Road, Suite 100<br>West Palm Beach, FL 33409 |
| Barry Galman and Elaine Galman | 106 Box Hill Road<br>Cherry Hill, NJ 08003 |
| Barry Galman and Elaine Galman | 205 Via Quantera<br>Palm Beach Gardens, FL 33418 |

5.      Name and address of every other person who has any record lien on the property:

| NAME | ADDRESS |
|---|---|
| NONE | |

6.      Name and address of every other person who has any record interest in the property and whose interest may be affected by the sale:

| NAME | ADDRESS |
|---|---|
| Tax Claim Bureau of Montgomery County | One Montgomery Plaza<br>Suite 600<br>Norristown, PA 19401 |

| | |
|---|---|
| Montgomery County Domestic Relations | 425 Swede Street<br>Norristown, PA 19404 |
| PA Office of Attorney General | 16th Floor, Strawberry Square<br>Harrisburg, PA 17120 |
| PA Department of Public Welfare<br>Bureau of Child Support Enforcement | Health and Welfare Building<br>P.O. Box 2675<br>Harrisburg, PA 17105-2675 |
| Lower Merion Township | 75 East Lancaster Avenue<br>Ardmore, PA 19003 |

7.      Name and address of every other person of whom the plaintiff has knowledge who has any interest in the property that may be affected by the sale:

NAME                                        ADDRESS
Tenants/Occupants                           1619 Gerson Drive
                                            Narberth, PA 19072

Richard Mickman                             2207 Concord Pike, #419
                                            Wilmington, DE 19803

I verify that the statements made in this affidavit are true and correct to the best of my personal knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

Date: January 6, 2017

DREW SALAMAN, ESQUIRE
Attorney for Plaintiff

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected, situate in the Township of Lower Merion, County of Montgomery and State of Pennsylvania known as 1619 Gerson Drive, Narberth, Pennsylvania, as bounded and described according to a Plan of Property for Gerson Hoffman Corp. made by R. Gilroy Damon Associates, Inc., Civil Engineers, Sharon Hill, PA dated 8/23/1968 and last revised 9/26/1968 as follows, to wit:

BEGINNING at a point in the center of a 50 feet wide radial round cul-de-sac at the extreme of the bed of Gerson Drive (50 feet wide) which said point is measured along the said center line of Gerson Drive the following three courses and distances from its point of intersection with the center line of Flat Rock Road (50 feet wide), (1) North 13 degrees 25 minutes 10 seconds East 349.81 feet to a point of curve; thence (2) on the arc of a circle curving to the right having a radius of 175 feet, extending to the Northeast, the arc distance of 143.76 feet to a point of tangent, thence (3) North 62 degrees 07 minutes 26 seconds East 64.75 feet to the point and place of beginning; thence leaving the center of the said cul-de-sac and extending North 85 degrees 08 minutes 42 seconds East, passing over the Southeast side of said cul-de-sac 250.82 feet to a point; thence extending South 44 degrees 23 minutes East 100 feet to a point; thence extending North 45 degrees 37 minutes West passing over the said Southeasterly side of the said cul-de-sac 302.09 feet to a point in the center of 50 feet radial round cul-de-sac, the first mentioned point and place of beginning,

BEING Lot No. 17, Gerson Drive.

BEING Parcel No. 40-00-19188-00-5.

BEING the same premises which Robert Wilf and Geraldine Wilf by Deed dated 9/26/83 and recorded 9/30/83 in the County of Montgomery in Deed Book 4719 page 746 conveyed unto Richard D. Mickman and Elaine G. Mickman, his wife, in fee.

# EXHIBIT B

To Me

Levy, Mark

Oct 17 at 9:58 AM

Good Morning Elaine,

I spoke to our solicitor with regard to your concerns. He said that the rules you quoted are local, not state so we cannot redact any information without a request by the filing attorney, Frank Murphy.

In the meantime, I have notified Mr. Murphy's secretary of the issue. As far as any misconduct is concerned, our solicitor does not think this is a disciplinary matter and that any further action would be up to you to pursue.

Please feel free to contact me should you have any further questions.

**Angelina Salamone Focht**

First Deputy

Prothonotary's Office

County of Montgomery

610-292-4945

**From:** Levy, Mark

**Sent:** Wednesday, October 16, 2013 2:56 PM

Joseph F. Rizzo, Esquire
Attorney ID: 65137
640 Shadeland Ave
Drexel Hill, PA  19026
(610) 203-1656                                          *Attorney for Plaintiff*

### In the United States District Court - Eastern District of Pennsylvania

| | |
|---|---|
| Elaine Mickman | : |
| 1619 Gerson Dr. | : |
| Narberth, PA 19072 | : |
| v. | : |
| Salaman, Grayson and Henry | : |
| 100 S. Broad St. | : |
| Land Title Bldg., Suite 650 | : |
| Phila. Pa. 19110 | : |
| And | : |
| Clifford D. Cohn, Esquire, | : |
| 926 Public Ledger Bldg. | : |
| 620 Chestnut St. | : |
| Philadelphia, PA 19106 | :        : |
| And | : |
| Drew Salaman, Esquire, individually | : |
| 100 S. Broad St. | : |
| Land Title Bldg., Suite 650 | : |
| Philadelphia, Pa. 19110 | : |

### VERIFICATION

I, Elaine Mickman, Plaintiff in the above action verify that the statements made in this petition are true and correct. I understand that false statements herein are made subject to the penalties of PA. C.S.A. §4904 relating to unsworn falsification to authorities.

Date: _Sept-21, 2017_                    _Elaine Mickman_
                                                              Elaine Mickman

15

Joseph F. Rizzo, Esquire
Attorney ID: 65137
640 Shadeland Ave
Drexel Hill, PA  19026
(610) 203-1656                                             *Attorney for Plaintiff*

In the United States District Court - Eastern District of Pennsylvania

| | | |
|---|---|---|
| Elaine Mickman | : | |
| 1619 Gerson Dr. | : | |
| Narberth, PA 19072 | : | |
| v. | : | |
| Salaman, Grayson and Henry, et. Al. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on this date I have served by electronic email to the

following a true and correct copy of the Plaintiff's Amended Complaint to by

email to:

MATTHEW B. WEISBERG    mweisberg@weisberglawoffices.com

ARTHUR W. LEFCO    awlefco@mdwcg.com

AARON E. MOORE    aemoore@mdwcg.com

DAVID A. BERLIN    dberlin@weisberglawoffices.com

Date:  September 20, 2017    _____
                                      Joseph F. Rizzo, Esquire

16