## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ELAINE MICKMAN                 :

      v.                      :

SALAMAN, GRAYSON & HENRY,   :  No.: 17-02452
CLIFFORD B. COHN, ESQUIRE, AND
DREW SALAMAN, ESQUIRE        :

### ORDER

AND NOW, this _____ day of _____, 2017, upon

consideration of Motion to Dismiss Plaintiff's Amended Complaint of Defendants, Drew

Salaman, Esquire, and Salaman Grayson & Henry, P.C., and any response thereto, it is hereby

ORDERED and DECREED:

Defendants' Motion is GRANTED Plaintiff's claims as asserted against Drew Salaman,

Esquire and Salaman Grayson & Henry, P.C., are dismissed with prejudice.

BY THE COURT

_____
                      Anita B. Brody, J

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELAINE MICKMAN | : |
| v. | : |
| SALAMAN GRAYSON & HENRY, CLIFFORD B. COHN, ESQUIRE, AND DREW SALAMAN, ESQUIRE | : No.: 17-02452 : : |

## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT OF DEFENDANTS, DREW SALAMAN, ESQUIRE, AND SALAMAN GRAYSON & HENRY, P.C.

Defendants, Drew Salaman, Esquire, and Salaman Grayson & Henry, P.C., hereby move pursuant to Fed. R. Civ. P. 12(b)(6), for an Order dismissing Plaintiff, Elaine Mickman's claims as asserted against them. The grounds for this Motion are more fully set forth in the accompanying Memorandum of Law.

Respectfully,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY: _____

**AARON E. MOORE, ESQUIRE**
Attorney ID No.: 91672
2000 Market Street, Suite 2300
Philadelphia, PA  19103
215-575-2899
Attorneys for Defendants,
Drew Salaman, Esquire and
Salaman Grayson & Henry, P.C.

Date: 9/28/2017

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELAINE MICKMAN | : |
| v. | : |
| SALAMAN GRAYSON & HENRY, CLIFFORD B. COHN, ESQUIRE, AND DREW SALAMAN, ESQUIRE | : No.: 17-02452 |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT OF DEFENDANTS,
DREW SALAMAN, ESQUIRE, AND SALAMAN GRAYSON & HENRY, P.C.

**I.      INTRODUCTION**

Plaintiff, Elaine Mickman, alleges that one of her creditors, Clifford Cohn, Esquire

("Cohn"), and Cohn's attorneys, Drew Salaman, Esquire, and Salaman Grayson & Henry, P.C.

(collectively "Salaman"), are liable to her in connection with debt collection efforts undertaken

in the Montgomery County Court of Common Pleas.  Specifically, Mickman claims that

Defendants are liable to her for violating her rights to due process under 42 U.S.C. §1983 (Count

I); conspiracy to violate her constitutional right to due process under 42 U.S.C. §1985 (Count II);

abuse of process (Count III); Conspiracy (Count IV); violation of the Fair Debt Collection

Practices Act, 15 U.S.C. §§1962 et seq. (Count V); Violation of the Fair Credit Extension

Uniformity Act, 73 P.S. §§2270.1 et seq. (Count VI); intentional infliction of emotion distress

(Count VII); and, negligence (Count VIII).  Mickman has also asserted a stand alone claim for

punitive damages (Count IX).

Each of Mickman's claims against Salaman arises from his filing of a Writ of Execution

seeking to have Mickman's real property sold at Sheriff's sale for purposes of satisfying a

judgment that his client, Cohn, had obtained against Mickman in the Montgomery County Court of Common Pleas.  As more thoroughly set forth herein, Mickman is unable to allege any facts that could give rise to a viable claim against Salaman.

## II.   RELEVANT FACTS[1]

Clifford Cohn, Esquire, commenced a civil action against his former client, Elaine Mickman, in the Montgomery County Court of Common Pleas on September 14, 2006, seeking payment of unpaid legal fees. (Amend. Comp. at ¶6).[2]  At trial, Cohn was awarded $79,000, including interest thereafter accrued. (Amend. Comp. at ¶8). Mickman's appeal from that judgment was denied in October 2012 (Amend. Comp. at ¶11). Cohn facilitated a Sheriff's Sale of Mickman's personal property on December 11, 2012. (Amend. Comp. at ¶12).  Mickman alleges that no one attended the Sheriff's Sale and that Cohn directed the Sheriff's to remove the contents of Mickman's home. (Amend. Comp. at ¶¶13, 14).  The contents are alleged to have been hauled away to a storage center. (Amend. Comp. at ¶19). Mickman claimed that she did not receive a reduction on her debt despite the seizure of her personal property. (Amend. Comp. at ¶22).  It was Mickman's contention that the value of her personal property exceeded the value of Cohn's judgment. (Amend. Comp. at ¶22).  She, therefore, filed a Petition to Mark the Judgment Satisfied on November 6, 2013. (Amend. Comp. at ¶27).[3] The court denied her petition on September 19, 2014. (Amend. Comp. at ¶28)[4] Mickman also filed a "Motion for Declaratory

---

[1] Facts as alleged in Plaintiff's Amended Complaint, attached hereto as Exhibit "A."  Movants reserve the right to deny any factual allegations set forth in Plaintiff's Amended Complaint. Movants also rely on the docket of the Montgomery County Court of Common Pleas in the matter of *Cohn v. Mickman*, attached hereto as Exhibit "B," and documents upon which the complaint is based that are attached to this Motion.  *Chemi Spa v. Glaxo Smith Kline*, 356 F. Supp.2d 495, 496-97 (ED Pa 2005)

[2] See also, docket from matter of *Cohn v. Mickman*, attached hereto as Exhibit "B."

[3] *Id.* at entry 163.

[4] *Id.* at entry 212.

Judgment or Emergency Motion for Injunctive Relief" seeking to have the court declare that her debt to Cohn was satisfied. That motion was denied on July 1, 2014.[5]

As more than five (5) years has passed since the judgment was entered, on November 12, 2014, Cohn filed a Praecipe to Issue Writ of Revival of Judgment pursuant to Pa. R. Civ. P. 3027. The Writ was issued by the Prothonotary on that date. (Amend. Comp. at ¶29).[6] Mickman filed an objection to the lien revival. (Amend. Comp. at ¶30).[7]

Thereafter, Cohn retained Salaman to enforce his judgment against Mickman. (Amend. Comp. at ¶33). On January 6, 2017, Salaman filed a Praecipe for Writ of Execution on Mickman's real estate.[8] The Writ of Execution, however, was issued before the court had ruled on Cohn's Praecipe to Issue Writ of Revival, which was filed in 2014. As a result of this procedural error, Mickman through her then counsel, Su Ming Yeh, Esquire, and Cohn, through Salaman, entered into a Stipulation and Order, agreeing that the "Writ of Execution shall not proceed upon the money judgment in this matter, but only upon judgment of revival in favor of Plaintiff."[9] The Stipulation was signed by the Hon. Bernard Moore on June 27, 2017.[10]

There was no Sheriff's Sale, and that there will be no Sheriff's sale of Mickman's real estate unless, and until, a judgment of revival is entered in favor of Cohn. Nonetheless, Mickman has commenced this instant lawsuit claiming that as a result of the procedural error in filing the Writ of Execution prior to the revival of the Writ, she has sustained damages including "mental anguish, physical manifestations of stress including but not limited to diabetes, heart disease, spinal stenosis, and other ailments."

---

[5] *Id.* at entry 210.
[6] *Id.* at entry 216. See also Praecipe to Issue Writ of Revival of Judgment with Writ of Revival attached hereto as Exhibit "C."
[7] See also, docket from matter of *Cohn v. Mickman*, Exhibit "B" hereto, at entry 217.
[8] *Id.* at entry 218. See also Praecipe for Writ of Execution attached hereto as Exhibit "D."
[9] See Stipulation and Order attached hereto as Exhibit "E."
[10] *Id.*

## III.   ARGUMENT

### A. LEGAL STANDARD

When reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept as true all of the factual allegations contained in the complaint and draw reasonable inferences in favor of the plaintiff. *See Etickson v. Pardus*, 551 U.S. 89, 93-94 (2007). To survive dismissal, a complaint must contain sufficient factual matter, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 566 U. S. 662, 678 (2009). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court must find "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of" a claim for relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). A motion to dismiss is properly granted if the factual proffer of the complaint does not allow the court to "draw the reasonable inference that the defendant is liable for misconduct alleged." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011). Moreover, after *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. Further, "where acts of mail and wire fraud constitute the alleged predicate racketeering acts, those acts are subject to the heightened pleading requirement of [Fed.R.Civ.P. 9 (b)]." *Warden v. McLelland*, 288 F.3d 105, 114 n. 6 (3d Cir. 2002).

## B. MICKMAN'S VIOLATION OF DUE PROCESS CLAIMS UNDER 42 U.S.C. §1983 AND §1985 SHOULD BE DISMISSED BECAUSE SHE HAS NOT BEEN DEPRIVED OF HER PROPERTY

### 1. APPLICABLE LAW

At Count I of her Amended Complaint, Mickman claims that Salaman is liable to her for violating her right to due process because she was "deprived of her property without due process of law." (Amend. Comp. at ¶56). At Count II, she claims that Salaman and Cohn are liable to her for conspiring to deprive her of her property. (Amend. Comp. at ¶61). To prevail in an action under § 1983, a plaintiff must demonstrate: (1) a violation of a right secured by the Constitution and the laws of the United States and (2) that the alleged deprivation was committed by a person acting under color of state law. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).

When alleging a violation of substantive due process rights, the plaintiff must demonstrate that the defendants engaged in conscience shocking conduct. *United Artists Theater Circuit, Inc. v. Township of Warrington*, 316 F.3d 392 (3d Cir. 2003). The "shocks the conscience" standard replaced the less stringent "improper motive" standard enunciated in *Bello v. Walker*, 840 F.2d 1124 (3d Cir. 1988). Plaintiff's burden in satisfying this standard is considerable. They must demonstrate that the defendants' decision was not rationally related to a legitimate land use goal. *Corneal v. Jackson Township*, 313 F. Supp. 2d 457, 469 (M.D. Pa. 2003). In *Corneal*, the Middle District found that the defendants acted with "mixed motives," one related to a legitimate land regulation purpose and the other related to an illegitimate purpose rooted in "personal animus." *Id.* at 468. The court, however, concluded that such a showing does not satisfy the "shocks the conscience" standard because the defendant's actions were based at least partly on legitimate land use concerns. *Id.* at 465, 470. Indeed, courts have generally

5

disfavored substantive due process as a theory of constitutional redress, finding that civil liability for a violation of substantive due process arises from "only the most egregious official conduct . . . ." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998).

## 2.   MICKMAN HAS NOT ALLEGED, AND CANNOT TRUTHFULLY ALLEGE, THAT SHE HAS BEEN DENIED DUE PROCESS OF LAW BY SALAMAN

Here, Mickman has not been deprived of any right. To the contrary, she is vigorously exercising her state court rights by defending the Writ of Revival. She continues to possess her home. There will be no Sheriff's Sale unless and until Cohn prevails on his Petition for Revival. She has lost nothing as a result of any conduct she imputes to Salaman. Moreover, the premature filing of a Writ of Execution, which does not result in the seizure of property, cannot remotely be deemed "conscience shocking." This is particularly true where the parties mutually agree to postpone the Sheriff's Sale pending the outcome of the Petition for Writ of Revival.

## 3.   SALAMAN CANNOT BE DEEMED TO HAVE BEEN A STATE ACTOR

Additionally, as a matter of law, Salaman cannot be deemed to have been a state actor under §1983 because the conduct imputed to him which allegedly gives rise to Mickman's civil rights claims was done in the course and scope of providing legal services to Cohn. Salaman cannot be held liable for civil rights claims under such circumstances. Private citizens can engage in conduct that will satisfy the state action element for §1983 liability. *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296, 121 S. Ct. 924, 148 L. Ed. 2d 807 (2001). However, attorneys acting in the course and scope of providing legal services to their clients cannot be deemed to be such persons because they are deemed to be legally indistinguishable from their clients and, therefore, incapable of concerted action. Federal appellate courts have

6

consistently recognized that an attorney cannot be deemed to have conspired with his client unless he has acted for his <u>sole</u> personal benefit.  See *Heffernan v. Hunter*, 189 F.3d 405, 413 (3d Cir. 1999); *Fraidin v. Weitzman*, 93 Md. App. 168, 611 A.2d 1046, 1077-80 (Md. App. 1992).

The case of *Andrekovich v. PennPrime Liab. Trust* 2013 U.S. Dist. LEXIS 29781 (W.D. Pa. Mar. 5, 2013) is also on point.  The *Andrekovich* Court provided detailed analysis in concluding that under such circumstances, attorneys cannot be deemed persons acting under color of state law:

> It is well settled, however, that a plaintiff cannot establish the existence of actionable joint or conspiratorial conduct through actions undertaken by counsel in an attorney-client relationship. *Heffernan v. Hunter*, 189 F.3d 405, 413 (3d Cir. 1999). Under the "intracorporate conspiracy doctrine" an entity cannot conspire with one who acts as its agent. *Id.* Thus, as long as the attorney is acting in his or her official capacity and within the scope of representing the client, the attorney enjoys immunity from suit under the Civil Rights Act. *Id.*; *accord N'Jai v. Floyd, 386 Fed.* Appx. 141, 144 (3d Cir. 2010) (school districts' attorneys who acted in representative capacity in the plaintiff's civil rights and discrimination cases could not be found "liable under 42 U.S.C. §§ 1983, 1985, or 1986.").

> Liability may attach in such settings only where the attorney acts solely in a personal capacity and not within the scope of the attorney-client agency. *Heffernan*, 189 F.3d at 412 ("Along these lines, courts that have followed the doctrine allow an exception when the employees have acted for their sole personal benefit and thus outside the course and scope of their employment.") (citing in support *Fraidin v. Weitzman*, 93 Md. App. 168, 611 A.2d 1046, 1077-80 (Md. App. 1992) (no conspiracy when attorneys act within scope of employment unless they act for their "sole personal benefit")). The courts consistently have followed these principles in this jurisdiction. See e.g. *Singleton v. Pittsburgh Bd. of Educ.*, 2012 U.S. Dist. LEXIS 132163, 2012 WL 4063174, * 6-8 & n. 8 (W.D. Pa. August 24, 2012) (Lenihan, Magistrate Judge) (allegations that indicate among other things that an attorney was acting for the benefit of his or her clients and not solely for his or her personal benefit cannot provide the relationship necessary to confer state actor status on the attorney under § 1983) (collecting cases).

> Moreover, immunity from §1983 conspiratorial liability remains even where an attorney acts for "mixed motives" so long as at least one basis for the challenged conduct is within the scope of the agency. *Heffernan*, 189 F.3d at 413. In other words, the mere fact that the challenged conduct may benefit the attorney does not make it actionable provided it is undertaken within the scope of representation. *Id.* And this is so even where the conduct violates the canons of ethics. *Id.* ("The challenged activity may violate the canons of ethics, but so long as it is within the scope of representation, it does not eliminate the exemption from a conspiracy charge" under the Civil Rights Act.). Similarly, "the fact that the attorney[] may have acted in bad faith or with the illegitimate purpose of abusing process in mind, does not, in itself, bring their actions outside the scope of the attorney-client relationship." *General Refractories Co. v. Fireman's Fund Ins. Co.,* 337 F.3d 297, 314 (3d Cir. 2003).
> *Andrekovich*, 2013 U.S. Dist. LEXIS 29781, 23-25.[11]

Mickman concedes that Salaman was acting in the course and scope of representing his client in connection with the conduct that allegedly gives rise to her civil rights claims. Salaman, therefore, cannot be deemed to have been a state actor under §1983, and Mickman's civil rights claims as asserted against him should be dismissed with prejudice.

### 4. SALAMAN CANNOT BE DEEMED TO HAVE CONSPIRED WITH HIS CLIENT TO VIOLATE MICKMAN'S RIGHT TO DUE PROCESS

Mickman's claim under 42 U.S.C. §1985 should be dismissed as well. Mickman purports to state a claim of conspiracy to violate her right to substantive due process under 42 U.S.C. §1985(c). She has not alleged facts that, if proven, support such a claim. To state a claim under §1985(3), plaintiffs must show: (1) a conspiracy by the defendants; (2) designed to deprive plaintiff of the equal protection of the laws; (3) the commission of an overt act in furtherance of that conspiracy; (4) a resultant injury to person or property or a deprivation of any right or

---

[11] Federal courts have held that lawyers who engage the services of the Sheriff in executing on property can be deemed a state actor. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1253, 1994 U.S. App. LEXIS 5974, (3d Cir. Pa. Mar. 31, 1994) (The court ruled that the entry of a confessed judgment did not involve state action with consequences significant enough to make appellees, a landlord and attorneys, state actors, but that their use of the sheriff to enforce the judgment made them persons acting under color of law.) Here, the Sheriff did not seize Plaintiff's property; thus, Salaman cannot be deemed to have been a state actor.

privilege of citizens; and (5) defendant's actions were motivated by a racial or otherwise class-based invidiously discriminatory animus. *Faulkner v. Reeves*, 1992 U.S. Dist. LEXIS 5814, *31-32, 1992 WL 96286 (E.D. Pa. Apr. 23, 1992) Conclusory allegations of deprivations of constitutional rights are insufficient to state a § 1985(3) claim. *Robinson v. McCorkle*, 462 F.2d 111, 113 (3d Cir.), *cert. denied*, 409 U.S. 1042 (1972).

Mickman's complaint states only a conclusory allegation that Cohn and Salaman participated in a scheme to deprive her of her constitutional rights.  As set forth above, Salaman cannot be deemed to have violated Mickman's constitutional rights because, a) nothing was taken from her; b) Salaman cannot be deemed to have been acting under color of state law; and, c) Salaman cannot be deemed to have conspired with his client.

Further, Mickman has not alleged specific facts showing that Cohn and Salaman agreed among themselves, with the Sheriff, or anyone else, to violate her rights. Nor does she offer any facts stating that they she is a member of a protected class to which defendants' policies or practices were directed. Accordingly, her complaint does not sufficiently state a claim that defendants conspired to deprive her of protected rights under §1985(c).

### C. MICKMAN HAS NOT ALLEGED FACTS THAT GIVE RISE TO A VIABLE CLAIM UNDER THE FAIR DEBT COLLECTION PRACTICE ACT 15 U.S.C. 15 §§1692 et seq. (FDCPA) OR THE FAIR CREDIT EXTENSION UNIFORMITY ACT73 P.S. §§2270.1 et seq. (FCEUA)

Mickman alleges that Salaman is liable to her under the FDCPA and FCEUA by filing the Writ of Execution before the trial court revived Cohn's judgment.  "To state a claim under the FDCPA, a plaintiff must establish that (1) he or she is a 'consumer' who is harmed by violations of the FDCPA; (2) the 'debt' arises out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a 'debt collector'; and (4) the defendant has violated, by act or omission, a provision of the FDCPA." *Donohue v. Reg'l*

*Adjustment Bureau, Inc.*, 2013 U.S. Dist. LEXIS 45044, *9-10, 2013 WL 1285469 (E.D. Pa. Mar. 28, 2013).  Under Section 1692(d) of the FDCPA, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692(d). The statute lists a number of examples of harassing conduct under the provision, including, inter alia, the use of violence to harm a person or his property, the use of obscene or profane language, or repeated attempts to phone a person with intent to annoy, abuse, or harass. *Id.* Violations of 1692d typically involve "tactics intended to embarrass, upset, or frighten a debtor." *Hammett v. Allianceone Receivables Mgmt, Inc.*, No. 11-3172, 2011 U.S. Dist. LEXIS 97330, 2011 WL 3819848, at *5 (E.D. Pa. Aug. 30, 2011).

Here, the facts as alleged by Mickman do not reflect that she has been harmed by a violation of the FDCPA.  Mickman was not harmed because she and Cohn, through their respective attorneys agreed that her home would not be sold at Sheriff's sale unless Cohn's judgment is revived.  Further, Mickman is unable to identify any conduct undertaken by Salaman that could be deemed abusive under §1692(d). *A procedural error that does not result in harm to the debtor cannot be deemed to have been done in order harass, oppress, or abuse Mickman.*

The FCEUA provides, "[i]t shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the Fair Debt Collection Practices Act." 73 Pa. Stat. Ann. § 2270.4(a).  Mickman has not identified any provisions of the Act that was violated by Salaman. As Salaman cannot be deemed to have violated the FDCPA, by extension, he cannot be deemed to have violated the FCEUA.

### D. MICKMAN'S STATE LAW CLAIMS AT COUNTS III, IV, VI, VII, AND VIII SHOULD BE DISMISSED PURSUANT TO 28 U.S.C. §1367(c) FOR LACK OF JURISDICTION

Mickman has alleged state law claims against Salaman sounding in abuse of process (Count III); Conspiracy (Count IV); Violation of Pennsylvania's Fair Credit Extension Uniformity Act 73 P.S. §§2270.1 et seq. (Count VI); intentional infliction of emotion distress (Count VII); and, negligence (Count VIII).  Plaintiffs' state law claims should be dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 1367(c).

Pursuant to 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction if the "district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[W]here the claim over which the district court has jurisdiction is dismissed before trial, the district court must decline to decide the pendant state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995); see also *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966) (directing courts to take into account principles of "judicial economy, convenience, and fairness to the litigants"). The United States Supreme Court in *Gibbs* emphasized that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Gibbs*, 383 U.S. at 726.  The Third Circuit has held that supplemental jurisdiction "should be declined where the federal claims are no longer viable, absent 'extraordinary circumstances.'" *Shaffer v. Bd. of Sch. Dirs. of the Albert Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 (3d Cir. 1984) (quoting *Tully*

*v. Mott Supermarkets, Inc.*, 540 F.2d 187, 196 (3d Cir. 1976)) (emphasis added); see *City of Pittsburgh Comm'n on Human Relations v. Key Bank USA*, 163 Fed. Appx. 163, 166 (3d Cir. 2006) (unpublished) (following *Tully* and *Shaffer* and reiterating that if "all federal claims are subject to dismissal, the court should not exercise jurisdiction over remaining claims unless 'extraordinary circumstances' exist").

Here, this matter is merely at the pleading stages. Retention of Mickman's state law claims after dismissal of her federal claims would not promote judicial economy, convenience or fairness. In sum, there is no justification for retention of Mickman's state law claims once her federal claims are dismissed. Accordingly, Mickman's state law claims are subject to dismissal as well.

### E.   MICKMAN HAS FAILED TO ALLEGE FACTS THAT GIVE RISE TO A VIABLE ABUSE OF PROCESS CLAIM

At Count III of her Amended Complaint, Mickman alleges that Salaman is liable to her for abuse of process. She, however, has failed to allege any facts in support of that claim. "To establish a claim for abuse of process it must be shown that the defendant (1) used a legal process against the plaintiff (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm that has been caused to the plaintiff." *Young Law Group, P.C. v. Weisberg*, 2015 Phila. Ct. Com. Pl. LEXIS 152, *6 (Pa. C.P. July 16, 2015). "The gravamen of abuse of process is the perversion or the particular legal process for a purpose to benefit the defendant, which is not an authorized goal of the procedure." *Id.* "The substance of the misconduct for which liability is imposed is not the wrongful procurement of the legal process or the wrongful initiation of the proceedings. Abuse of process is the misuse or process for any purpose other than that which it was designed to accomplish." *Id.* at 7.

Mickman's abuse of process claim consists of two (2) substantive paragraphs:

55. The Defendants commenced the process against Plaintiff for an improper, unlawful purpose other than what the process was designed to achieve.

56. The Defendants' abuse of process harmed Plaintiff.

Mickman's Amended Complaint is devoid of any factual allegations reflecting that Salaman filed the Writ of Execution "primarily to accomplish a purpose for which the process was not designed." A claim for abuse of process must include allegations reflecting a "perversion or the particular legal process for a purpose to benefit the defendant, which is not an authorized goal of the procedure." *Young Law Group, P.C.* , 2015 Phila. Ct. Com. Pl. LEXIS 152 at 6. That is, there must have been some primary ulterior motive for filing the Writ of Execution. Mickman has failed to allege any facts reflecting as much.   Indeed, it is indisputable that Salaman's primary purpose was to use judicial process in order to collect on a debt owed to his client.  Even if Plaintiff somehow prevails on her objection to Cohn's revival petition, such would not change the fact that Salaman's goal was to use judicial process to meet his client's goal.  There was no extraneous motivation, nor has such been alleged by Mickman. Accordingly, her abuse of process claim as asserted against Salaman should be dismissed with prejudice.

## F.  MICKMAN HAS FAILED TO ALLEGE FACTS THAT GIVE RISE TO A VIABLE COMMON LAW CIVIL CONPIRACY CLAIM

Mickman alleges that Salaman and Cohn engaged in a civil conspiracy to deprive her of her property. Because civil conspiracy depends on the performance of some underlying tortious act, the conspiracy itself is not independently actionable. *Boyanowski v. Capital Area Intermediate Unit,* 215 F.3d 396, 407 (3d Cir. 2000); *GMH Assocs. v. Prudential Realty Group,* 2000 PA Super 59, 752 A.2d 889, 905 (Pa. Super. Ct. 2000).  As set forth above, Mickman has failed to establish an underlying tort; thus, her civil conspiracy claim fails as a matter of law.

Moreover, attorneys acting in the course and scope of providing legal services to their clients cannot be deemed to have conspired with their clients because they are deemed to be legally indistinguishable from their clients and, therefore, incapable of concerted action. Federal appellate courts have consistently recognized that an attorney cannot be deemed to have conspired with his client unless he has acted for his sole personal benefit. See *Heffernan v. Hunter*, 189 F.3d 405, 413 (3d Cir. 1999); *Fraidin v. Weitzman*, 93 Md. App. 168, 611 A.2d 1046, 1077-80 (Md. App. 1992). Here, Plaintiff has not alleged, and cannot truthfully allege, that Salaman acted for his sole personal benefit when he filed the Writ of Execution. Accordingly, Plaintiff's civil conspiracy claim should be dismissed for this reason as well.

### G. MICKMAN HAS FAILED TO ALLEGE FACTS THAT GIVE RISE TO A VIABLE CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

At Count VII of her Amended Complaint, Mickman claims that Salaman is liable to her for intentional infliction of emotional distress. The facts as pled by Mickman do not give rise to such a claim. In order to assert a claim for intentional infliction of emotional distress under Pennsylvania law, a plaintiff must allege facts reflecting that: (1) that the defendant's conduct was extreme and outrageous; (2) that the conduct was intentional or reckless; (3) the conduct caused emotional distress; and (4) the distress was severe. *See Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265, 1273 (3d Cir.1979). "The tort of intentional infliction of emotional distress requires a showing that the defendant acted in a manner so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society." *McGreevy v. Stroup*, 413 F.3d 359, 371 (3d Cir. 2005) (internal citations omitted). Generally, the case is one in which the recitation of the facts to an *average member of the community* would arouse his resentment

against the actor, and lead him to exclaim, "Outrageous!" Restatement (Second) of Torts, § 46 comment d; *Hunger v. Grand Cent. Sanitation*, 447 Pa. Super. 575, 670 A.2d 173, 177 (Pa. Super. Ct. 1996). As a preliminary matter, it is for the court to determine if the defendant's conduct is so extreme as to permit recovery. *Krushinski v. Roadway Express*, 627 F.Supp. 934, 938 (M.D. Pa. 1985). Further, a claim for IIED requires physical injury, harm, or illness caused by the defendant's conduct. *Dempsey v. Bucknell Univ.*, 76 F.Supp.3d 565, 589 (M.D. Pa. 2015).

Here, there was nothing "extreme and outrageous" about Salaman's conduct. The filing of a writ prior to the revival of his client's judgment was nothing more than a procedural error that was remedied when the parties stipulated that there would be no Sheriff's Sale of Mickman's property unless, and until, Cohn's judgment is revived.

Further, Mickman's intentional infliction of emotional distress claim should be dismissed because it is barred under the doctrine of judicial immunity. "[T]he absolute privilege accorded an attorney in representation of a client in judicial proceedings is not limited to protection against defamation actions. The immunity bars actions for tortious behavior by an attorney other than defamation, so long as it was a communication pertinent to any stage of a judicial proceeding." *Brown v. Delaware Valley Transplant Program*, 372 Pa. Super. 629, 633-634, 539 A.2d 1372, 1374-1375, 1988 Pa. Super. LEXIS 1106, *6-7 (Pa. Super. Ct. Apr. 13, 1988). The privilege bars other tort claims as well. *Pelagatti v. Cohen*, 370 Pa.Super. 422, 434, 536 A.2d 1337, 1343. "The key is whether the pertinent communication was undertaken in connection with representation of a client in a judicial proceeding." *Id.; Smith v. Griffiths*, 327 Pa.Super. 418, 423-27, 476 A.2d 22, 24-26 (1984). Here, Salaman is not alleged to have engaged in any conduct outside the course and scope of the underlying judicial proceeding. Accordingly, this claim is barred under the doctrine of judicial privilege.

## H.  MICKMAN HAS FAILED TO ALLEGE FACTS THAT GIVE RISE TO A VIABLE NEGLIGENCE CLAIM

This Court should dismiss Mickman's negligence claim at Count XIII because there was no attorney-client relationship between her and salaman. In order to establish a claim of negligence against an attorney, a plaintiff must demonstrate three basic elements: (1) employment of the attorney or other basis of a duty; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) that such negligence was the proximate case of damage to the plaintiff. *Kituskie v. Corbman*, 552 Pa. 275, 714 A.2d 1027 (1998).  The plaintiff must show an attorney-client or analogous professional relationship with the defendant-attorney.  *Guy v. Liederbach*, 501 Pa. 47, 51, 459 A.2d 744, 746, 750 (1983).  *See also Gregg v. Lindsay*, 437 Pa. Super. 206, 649 A.2d 935, 937 n.1 (Pa.Super. 1994) (holding that because the litigants did not have an attorney-client relationship, the plaintiff could not recover for legal malpractice based on negligence). "The Supreme Court, after careful consideration, concluded that policy considerations, as well as unsatisfactory experiences with the California rule [permitting third party professional negligence claims against attorneys], compelled adherence to the rule requiring that an attorney-client relationship be shown before a cause of action can be maintained against an attorney for professional negligence." *Smith v. Griffiths*, 476 A.2d 22, 26 (Pa. Super. Ct. 1984), citing *Guy*, 459 A.2d 744. As further stated by our Superior Court in *Smith*:

> These policy considerations are even stronger where the attorney is representing a client who is involved in litigation. In such circumstances, the law is clear that the attorney owes no duty of care to the adverse party but only to his own client. To impose upon an attorney a duty of care to the adverse party would place the attorney in a position where his own interest would conflict with the interests of his client and prevent him from exerting a maximum effort on behalf of the client. It would place an undue burden on the profession and would diminish the quality of the legal services rendered to and received by the client. Where an attorney represents a client in litigation or during arms length

> negotiations, the public interest demands that attorneys, in the proper exercise of their functions as such, not be liable to adverse parties for acts performed in good faith and for the honest purpose of protecting the interests of their clients. *Smith*, 476 A.2d at 26.

In *Guy*, the plaintiff was a named beneficiary to a Will that had been prepared by the defendant attorney on behalf of the decedent. The attorney had directed the plaintiff to witness the Will, causing her to lose her legacy. Although she had not retained the attorney, she sued him under negligence and breach of contract theories. The Pennsylvania Supreme Court, recognizing Pennsylvania's strict privity requirements, rejected Plaintiff's negligence claim and concluded that her only cause of action against the lawyer was for breach of contract under a third party beneficiary theory. *Guy*, 459 A.2d at 746. She was permitted to pursue a breach of contract claim as a third party beneficiary only because she was expressly named as a beneficiary in the Will. *Id.*

Plaintiff has not alleged any facts that give rise to a legal duty owed to her by Salaman. As stated above under *Guy*, strict privity precludes Plaintiff's negligence claim. Accordingly, Mickman's negligence claim should be dismissed with prejudice.

## I.   MICKMAN HAS FAILED TO ALLEGE FACTS THAT SUPPORT A CLAIM FOR PUNITIVE DAMAGES

Mickman has asserted an independent claim for punitive damages at Count IX of her Amended Complaint. There is no independent cause of action for punitive damages. *DiGregorio v. Keystone Health Plan E.*, 2003 PA Super 509, 840 A.2d 361, 370 (Pa. Super. 2003) ("It is settled law that one cannot recover punitive damages independently from an underlying cause of action."). "If no cause of action exists, then no independent action exists for a claim of punitive damage since punitive damages are only an element of damages." *Id.* (internal quotation marks omitted) (quoting *Kirkbride v. Lisbon Contractors, Inc.*, 521 Pa. 97, 555 A.2d 800, 802 (Pa. 1989)).

Mickman has claimed punitive damages as a separate count in her complaint; thus, that claim should be dismissed.  Further, the facts as alleged by Mickman do not support a claim for punitive damages even if she could somehow demonstrate that Salaman did engage in tortious conduct.  Punitive damages are damages awarded in addition to compensatory damages to "punish a tortfeasor for outrageous conduct and to deter him or others like him from similar conduct." *Hutchison ex rel. Hutchison v. Luddy*, 582 Pa. 114, 870 A.2d 766, 770 (Pa. 2005). They "are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." *Id.*  In order to award punitive damages, the defendant's conduct must be "malicious, wanton, reckless, willful or oppressive." *Towers Invs., Inc. v. Rawle & Henderson, LLP*, 2008 Phila. Ct. Com. Pl. LEXIS 62, 9-10 (Pa. C.P. 2008).

Again, there is nothing outrageous about Salaman's conduct.  The filing of a writ prior to the revival of his client's judgment was nothing more than a procedural error that was remedied when the parties stipulated that there would be no Sheriff's Sale of Mickman's property unless, and until, Cohn's judgment is revived.  Accordingly, Plaintiff's claim for punitive damages should be stricken.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants, Drew Salaman, Esquire and Salaman Henry &

Grayson, P.C., respectfully request that this Honorable Court dismiss each of Plaintiff's claims as

asserted against them with prejudice.

Respectfully,

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**

BY:_____

**AARON E. MOORE, ESQUIRE**
Attorney ID No.: 91672
2000 Market Street, Suite 2300
Philadelphia, PA  19103
215-575-2899
Attorneys for Defendants,
Drew Salaman, Esquire and
Salaman Grayson & Henry, P.C.

Date:_____9/28/2017_____

## CERTIFICATE OF SERVICE

Aaron Moore, Esquire hereby certifies that on the date set forth below he served the

foregoing Motion to Dismiss Plaintiff's Amended Complaint with Memorandum of Law and

Exhibits thereto on all parties to this matter via ECF filing.

_____
Aaron E. Moore

Date: ___9/28/2017___