# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELAINE MICKMAN | : | |
| | : | |
| Plaintiff, | : | NO.:   17-2452 |
| | : | |
| v. | : | |
| | : | |
| SALAMAN, GRAYSON & HENRY, et al. | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW this _____ day of _____, 2017, upon consideration of Defendant, Cohn's Motion to Dismiss and Joinder in Co-Defendants' Motion to Dismiss with Reply in Support, and any response thereto, it is hereby ORDERED and DECREED that Defendants' Motions to Dismiss are GRANTED, and Plaintiff's Amended Complaint is DISMISSED, with prejudice.

**AND IT IS SO ORDERED.**

_____
                                                                            J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELAINE MICKMAN | : | |
| Plaintiff, | : | NO.: 17-2452 |
| v. | : | |
| SALAMAN, GRAYSON & HENRY, et al. | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

### DEFENDANT, COHN'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH JOINDER IN CO-DEFENDANTS' MOTION TO DISMISS WITH REPLY

Incorporating by reference the attached Memorandum of Law, Defendant, Cohn respectfully requests this Honorable Court dismiss Plaintiff's Amended Complaint, with prejudice.

In balance, Cohn respectfully joins in Co-defendants' Motion to Dismiss (with Reply in support).

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Co-Defendant, Cohn

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ELAINE MICKMAN | : | |
| Plaintiff, | : | NO.: 17-2452 |
| v. | : | |
| SALAMAN, GRAYSON & HENRY, et al. | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, COHN'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH JOINDER IN CO-DEFENDANTS' MOTION TO DISMISS WITH REPLY**

**I.   Introduction**

Defendant, Cohn respectfully requests this Honorable Court dismiss Plaintiff's Complaint consistent with this Memorandum of Law and Cohn's joinder in Co-defendants' Motion to Dismiss (with Reply in support) in balance.

**II.   Operative Facts**

Cohn obtained a judgment against his former client, Plaintiff - Mickman in the Court of Common Pleas of Philadelphia County, Pennsylvania: arising out of a fee dispute.

To execute on that judgment, Cohn retained Co-Defendants, Salman, Esquire, et al. (collectively "Salman").

Towards that execution, Mickman complains Salman's inappropriate levy – which was not successfully contested.

The further execution upon that judgment (i.e., Sheriff's Sale) has been presently stayed.

Mickman has not successfully set aside that judgment nor successfully objected to the levy in the Court of Common Pleas.  Instead, Mickman collaterally attacks here Salman's

claimed procedural execution defect vis-à-vis Salman's failure to revive the underlying judgment.

**III.    Standard**

Boilerplate recitation of elements of causes of action or otherwise conclusory averments are insufficient to defeat a 12(b)(6) Motion.[1]

Plaintiff has already amended her Complaint – she should not be permitted to amend again.  Indeed, Plaintiff has already responded to Co-Defendants' Motion to Dismiss (upon which Co-Defendants' Replied). Amendment would be futile.[2]

While Plaintiff's complaint contains a detailed recitation of the underlying procedural history, it does not contain any facts supporting any theories of liability against Cohn pursuant to FRCP 8.

Further, as Plaintiff's Complaint effectively sounds in fraud (i.e., "conspiracy"), FRCP 9 is applicable.  Towards that end (i.e., heightened pleading standard), Plaintiff's Complaint is woefully lacking in the "who, what, where, when and how" *facts* causally giving rise to Cohn's liability.[3]

Whether this Honorable Court applies FRCP 8 (or 9, as suggested), Plaintiff's Complaint should be dismissed for failure to plead specific facts causally giving rise to Plaintiff's theories of liability against Cohn.

---

[1] Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (S.Ct. 2007); Ashcroft v. Iqbal, 556 U.S. 662 (S.Ct. 2009).
[2] Shane v. Fauver, 213 F.3d 113, 115 (C.A.3 2000).
[3] In re Johnson, 292 B.R. 821, 827 (Bankr. E.D.Pa. 2003).

**IV.    Argument**

    A.    *Rooker-Feldman requires this Honorable Court's dismissal.*

The *Rooker-Feldman* doctrine precludes federal collateral attacks on state court judgments.[4] [5]

Towards the above end, the underlying judgment remains intact; thus, as a matter of law deeming any pre-judgment claimed misconduct here unassailable.

Pursuant to the *Rooker-Feldman* doctrine, Plaintiff's Complaint must be dismissed.

    B.    *Cohn is Entitled to Absolute Judicial Immunity.*

Plaintiff contends Salman's procedural litigation defect(s) giving rise to her damages.

In the first instance, Salman was Cohn's attorney – any litigation defect is solely Salman's – and not pleaded plausibly otherwise.

Notwithstanding, all Defendants are protected – even from a litigation misstep (denied) – by the doctrine of judicial/quasi-judicial immunity.[6]

Any liability that would arise from Salman's procedural defects (denied) would nonetheless give rise to all Defendants' judicial immunity.

    C.    *This Honorable Court Must Abstain.*

Pursuant to Colorado River and Younger, this Honorable Court is precluded from effectuating this instant collateral attack on the underlying state court proceedings.[7] [8]

Towards the above end (i.e., abstention), this Honorable Court here must abstain.

---

[4] Rooker v. Fidelity Trust Co., 263 U.S. 413 (S.Ct. 1923).
[5] District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (S.Ct. 1983).
[6] Greenberg v. McGraw, 161 A.3d 976 (Pa.Super. 2017).
[7] Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800 (S.Ct. 1976).
[8] Younger v. Harris, 401 U.S. 37 (S.Ct. 1971).

D. *Plaintiff has failed to plead specific facts giving rise to Cohn's claimed liability causally related to Plaintiff's alleged damages.*

Consistent with the above Standard (*see*, *supra*.), Plaintiff has failed to plead any <u>facts</u> meeting the elements of the causes of action pleaded against Cohn which are causally related to Plaintiff's claimed damages as arising from Cohn's alleged liability.

Indeed, in a "shot-gun" approach, Plaintiff has failed to factually aver (let alone with heightened specificity) Cohn's even potential liability; to wit, Cohn's claimed liability is superseded by his retention of counsel - Salman.

1. <u>Civil rights</u>

In the first instance, Cohn is a private actor – acting through counsel, Salman: precluding civil rights liability.[9]

Alternatively, if this Honorable Court deems Cohn a state actor, Cohn must then be entitled to qualified immunity.[10]

Further, Mickman received all the due process she can expect.

2. <u>Plaintiff's state law claims are precluded by the "gist of the action"/economic loss doctrine</u>.

As the underlying execution proceedings arise out of Plaintiff's deemed admitted breach of contract, the "gist of the action"/economic loss doctrine(s) precludes Plaintiff's pleaded common-law claims.[11]

3. <u>Abuse of process</u>

Abuse of process is the rightful initiation of process then perverted.[12]

---

[9] *See generally*, <u>Sershen v. Cholish</u>, 2008 WL 598111 (M.D.Pa. 2008); <u>Boyer</u>, *infra*., at 656-57.
[10] <u>Boyer v. Mohring</u>, 994 F.Supp.2d 649, 656 (E.D.Pa. 2014).
[11] <u>Bruno v. Erie Ins. Co.</u>, 106 A.3d 48 (Pa. 2014).
[12] <u>Lerner v. Lerner</u>, 954 A.2d 1229 (Pa.Super. 2008).

Regardless of Salman's procedural defects, Plaintiff's abuse of process Count does not factually elucidate the perversion of the underlying rightfully commenced execution proceedings.[13]

4. <u>Claim/issue preclusion (i.e., *res judicata*/collateral estoppel) precludes Plaintiff's claims</u>.[14] [15]

Secondary to the underlying judgment against Plaintiff, and the uncontested execution proceedings, claim/issue preclusion requires Plaintiff's complaint be dismissed.

5. <u>Conspiracy</u>

An attorney cannot conspire with his client as a matter of law.[16]

6. <u>Fair Debt Collection Practices Act ("FDCPA")</u>

Plaintiff does not plead Cohn as a "debt collector" within the meaning of the FDCPA.[17] Cohn is a creditor.

Indeed, Cohn's law practice does not regard debt collection - which is why Cohn hired Salman.[18]

Notwithstanding, Plaintiff does not elucidate this Honorable Court or any Defendant as to what aspect of the very expansive FDCPA it regards.

7. <u>Fair Credit Extension Uniformity Act ("FCEUA")</u>

For the same reasons the FDCPA cannot survive nor can the FCEUA.[19]

8. <u>Punitive Damages</u>

Punitive damages are not a cause of action nor are punitive damages warranted.[20]

---

[13] *See generally*, <u>PNC Bank v. Kerr</u>, 802 A.2d 634, 638-41 (Pa.Super. 2002); *see generally*, <u>Myers v. Penn Tp. Bd. of Com'rs.</u>, 50 F.Supp.2d 385.
[14] <u>CoreStates Bank, N.A. v. Huls America, Inc.</u>, 176 F.3d 187 (C.A.3 1999).
[15] <u>Hinshillwood v. County of Montg.</u>, 2002 WL 1773059 (E.D.Pa. 2002).
[16] <u>Heffernan v. Hunter</u>, 189 F.3d 405, 413-14 (C.A.3 1999).
[17] <u>Pollice v. National Tax Funding, L.P.</u>, 225 F.3d 379, 403 (C.A.3 2000).
[18] <u>Oppong v. First Union Mortg. Corp.</u>, 215 Fed.Appx. 114 (C.A.3 2007).
[19] <u>Silva v. Mid Atlantic Mgmt. Corp.</u>, 277 F.Supp.2d 460, 466 (E.D.Pa. 2003).

      9.     <u>Negligence</u>

Aside from the Complaint failing to specifically aver any negligent conduct on behalf of Cohn, and the "gist of the action"/economic loss doctrine's otherwise being a bar, the complaint does not factually aver what Cohn's conduct (let alone, misconduct) was -separate and apart from his counsel.

Indeed, Salman acted as Cohn's counsel at all times material.

      10.     <u>Intentional infliction of emotional distress ("IIED")</u>

Even if physical injury did manifest, it was not causally attendant to Cohn's alleged misconduct.[21]

**V.    Cohn's Joinder in Salman's Motion to Dismiss with Reply**

Even if all the foregoing suggested grounds for dismissal are denied by this Honorable Court, Cohn's Joinder and Salman's Motion to Dismiss in balance require the Amended Complaint's dismissal – independently for the reasons set forth by Co-Defendants.

WHEREFORE, Co-Defendant, Cohen respectfully requests this Honorable Court dismiss Plaintiff's Amended Complaint, with prejudice.

                                             **WEISBERG LAW**

                                             <u>/s/ Matthew B. Weisberg</u>
                                             Matthew B. Weisberg, Esquire
                                             Attorney for Co-Defendant, Cohn

---

[20] <u>Hutchinson ex rel. Hutchinson v. Luddy</u>, 870 A.2d 766 (Pa. 2005).
[21] <u>Kazatsky v. King David Memorial Park, Inc.</u>, 527 A.2d 988, 991-95 (Pa. 1987).

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELAINE MICKMAN | : | |
| Plaintiff, | : | NO.: 17-2452 |
| v. | : | |
| SALAMAN, GRAYSON & HENRY, et al. | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

### CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 6th day of November, 2017, a true and correct copy of the foregoing Co-Defendants, Cohn's Motion to Dismiss Plaintiff's Amended Complaint with Joinder in Co-Defendants' Motion to Dismiss with Reply and Memorandum of Law in Support was served via ECF, upon the following parties:

Joseph F. Rizzo, Esq.
640 Shadeland Avenue
Drexel Hill, PA 19026

Alesia S. Sulock, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Co-Defendant, Cohn