# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELAINE MICKMAN, | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 17-2452 |
| | : | |
| SALAMAN, GRAYSON AND HENRY et al., | : | |
| | : | |
|     Defendants. | : | |

**March 3, 2020**                                                                                                    **Anita B. Brody, J.**

## MEMORANDUM

Plaintiff Elaine Mickman commenced suit against Defendants Salaman Grayson & Henry, P.C.[1] ("SGH"), Clifford B. Cohn,[2] and Drew Salaman. On December 11, 2019, the Court entered an Explanation and Order granting SGH and Salaman's motion for summary judgment ("Explanation and Order"). On January 13, 2020, thirty-three days after entry of the Explanation and Order, Mickman filed a notice of appeal.

Federal Rule of Appellate Procedure 4(a) provides that "the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Mickman believes that she has untimely filed her notice of appeal because she filed it thirty-three days after entry of the Explanation and Order. Accordingly, Mickman moves for an extension of time to appeal.[3] Because Mickman timely filed her notice of appeal, I will deny her motion for an extension of time as moot.

---

[1] Although the caption of the Amended Complaint refers to Defendant as Salaman, Grayson and Henry, Defendant refers to itself as Salaman Grayson & Henry, P.C.

[2] On April 25, 2018, the Court entered an order granting Cohn's motion to dismiss all claims against him. ECF No. 47.

[3] Rule 4(a) enables a district court to extend the time to file a notice of appeal if the party seeking an extension demonstrates "excusable neglect or good cause," and moves for the extension no later than thirty days after the deadline to appeal has expired. Fed. R. App. P. 4(a)(5).

Federal Rule of Civil Procedure 58(a), with limited exceptions, requires that "[e]very judgment . . . be set out in a separate document." Fed. R. Civ. P. 58(a). The term "judgment" as used in Rule 58(a) also includes "*any order from which an appeal lies.*" *In re Cendant Corp. Sec. Litig.*, 454 F.3d 235, 240 n.2 (3d Cir. 2006), *as amended* (Aug. 30, 2006) (quoting Fed. R. Civ. P. 54(a)). If Rule 58(a) applies to an order or judgment that is not set out in a separate document, then the judgment is not deemed entered until "150 days have run from entry of the judgment or order in the civil docket." Fed. R. App. P. 4(a)(7)(A)(ii); Fed. R. Civ. P. 58(c)(2)(B). Because Appellate Rule 4(a) only requires a notice of appeal to be filed "within thirty days after *entry* of the judgment or order," Fed. R. App. P. 4(a)(1)(A) (emphasis added), "if a certain order is subject to the separate-document requirement of Federal Rule of Civil Procedure 58 and no separate document exists, an appellant has 180 days to file a notice of appeal—150 for the judgment to be considered 'entered,' plus the usual 30 days from the entry of judgment," *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n,* 503 F.3d 217, 223 (3d Cir. 2007).

Because none of the exceptions to Rule 58(a) apply, the Court's Explanation and Order is subject to the separate-document rule. If the Explanation and Order does not satisfy the separate-document rule and no separate document exists, then Mickman has 180 days from the entry of the Explanation and Order to file a notice appeal.

For purposes of Rule 58(a), "an order is treated as a separate document if it satisfies three criteria: (1) it must be self-contained and separate from the opinion, (2) it must note the relief granted, and (3) it must omit (or at least substantially omit) the trial court's reasons for disposing of the claims." *Id.* at 224. The Explanation and Order issued by the Court is nine pages long, contains a single caption at the beginning, and a single signature at the end. The first page is titled "Explanation and Order." The first eight pages contain the Court's opinion. The ninth page

is titled "Order" and contains only the Court's order granting the motion for summary judgment. While the Explanation and Order satisfies the second and third criteria of the separate-document rule, it does not satisfy the first because it is not "self-contained and separate from the opinion." *Id*.

The separate-document rule requires that "the judgment must be set forth in a document that is independent of the court's opinion or decision." *In re Cendant*, 454 F.3d at 242. "To be independent of the court's opinion, an order must be separately titled and captioned, not paginated consecutively to the opinion or memorandum, not stapled or otherwise attached to the opinion, and must be docketed separately." *LeBoon*, 503 F.3d at 224. Because the Explanation and Order contains only one caption and one signature line, and was docketed as a single document, it does not satisfy the separate-document rule. Therefore, Mickman has 180 days to file a notice of appeal—150 days for the Explanation and Order to be deemed "entered," plus the standard thirty days after entry of judgment to file a notice of appeal. Because Mickman filed her notice of appeal within the 180-day time frame, it is timely. Consequently, I will deny Mickman's motion for an extension of time to file a notice of appeal as moot.

            s/ ANITA B. BRODY, J.
            ANITA B. BRODY, J.

Copies **VIA ECF** on 03/03/2020